FARMER, Judge.
When a notice of appeal is filed in a civil action, there are two separate charges, or *1026 fees, due and payable. The clerk of the lower tribunal in which the notice is filed charges a fee for docketing the notice, and the Clerk of this court charges a separate fee for docketing the appeal in this court. The person filing the appeal usually tenders payment of both fees to the clerk of the lower tribunal who, in turn, forwards the copy of the notice of appeal to us with the payment of the filing fees for this court.
Because there is a strict time deadline for filing a notice of appeal, however, lawyers for parties taking an appeal may be forced to act quickly to preserve the right but without prepayment of these costs to the attorney by the client. Consequently, we often receive a notice of appeal from the clerk of the lower tribunal unaccompanied by the filing fee due the Clerk of this court. When we fail to receive the filing fees, we routinely enter an order directing the attorney who filed the appeal to pay the filing fee or file a determination of indigency. Usually that results in payment. Sometimes, however, the lawyer filing the appeal fails to respond to our order. We then may enter an order to show cause why sanctions should not be imposed on the attorney for failing to respond. Some attorneys purposefully fail to respond to our order—apparently on the theory that they filed the appeal only to preserve the client’s right of appeal but that the client shoüld respond to our demand for payment. Other attorneys sometimes fail to respond simply out of neglect. Whatever the reasons, we are confronting more of this circumstance. This is such a case, and we have purposefully selected it to make a point in the hope that the practice will cease.
Attorneys often are called upon to advance court costs on behalf of a client in the course of representation. The mere fact that the client is obligated to reimburse the attorney for the costs advanced does not relieve the attorney of the duty to tender the filing fees to this court when the appeal is initiated. It is after all the attorney who has entered through the turnstile at the entrance to the court of appeal; it is the attorney who must present the entry ticket by payment of the filing fees or an order of indigency. Consequently, we rightfully look to the attorney initiating the appellate process to pay the filing fees due this court.
There is also sometimes a mistaken assumption that a later decision by the client not to pursue the appeal, and the filing of a voluntary dismissal, will relieve the attorney of responding to our order for payment. In this case, the appeal has since been dismissed voluntarily. The filing fee is an entry fee to the appellate process, not a fee for prosecuting the appeal to a final result. When the appeal is later abandoned, that is the decision of the litigant and does not affect the liability for the fees due to commence the process.
Here the defaulting lawyer did not respond to our order for payment. Accordingly, we directed the chief judge of the circuit court to appoint a judge of that court to act as a commissioner of this court for the purpose of summoning the defaulting attorney to show cause why he should not be held in contempt for failing to respond to our order for payment. In his showing to the commissioner, the defaulting lawyer explained that when he filed the notice of appeal his client “did not have” the entire filing fees due both clerks. The clerk of the circuit court allowed him to pay only the fee due that tribunal and, according to the lawyer, told him that the Clerk of this court would later “bill” his client directly for the filing fee due here. We wish to make clear that we do not “bill” anyone, most especially not clients, for payment of our filing fees. We instead enter an order to the person filing the notice of appeal to pay the filing fee (or produce an order of indigency) within 10 days or sanctions will be imposed. The continued failure to pay is then a failure to comply with an order of the court, not a *1027 mere failure to respond to a bill from a creditor.
The clerks of the lower tribunals from whom we receive appellate proceedings are not authorized to advise lawyers and litigants that it is permissible to file a notice of appeal without tendering the filing fees due this court, or that we will bill anyone later for such fees. The clerks of these lower tribunals must necessarily docket a notice of appeal and forward it to this court, even though the person filing the notice has not tendered payment of our fees along with payment of theirs. We direct the clerks of the lower tribunals within our district, however, by appropriate means to give notice of the contents of this opinion to any person filing a notice of appeal who does not tender therewith the filing fees due this court.
We accept the report and recommendation of the commissioner with our approval. The defaulting lawyer shall pay the filing fee within the time recommended in his report.
IT IS SO ORDERED.
DELL and SHAHOOD, JJ., concur.