PER CURIAM.
In this workers’ compensation case, Appellant, an uninsured employer,[1] challenges an order of the Judge of Compensation Claims. Appellant filed a notice of appeal in the lower tribunal, but failed to pay the mandatory $300 filing fee required by both section 35.22(3), Florida Statutes (2011), and Florida Rule of Appellate Procedure 9.180(b)(3). Thereafter, this court entered an order requiring Appellant to pay the filing fee within twenty days; Appellant did not respond to the order, nor did it pay the filing fee as was ordered. Ultimately this court entered an order requiring Appellant to show cause within ten days why the appeal should not be dismissed and why Appellant’s attorney, Michael Antinori, should not be held personally responsible for the payment of the filing fee. Neither Appellant nor its attorney Michael Antinori responded to this order to show cause.
Section 35.22(3)(a), Florida Statutes (2011), requires in mandatory language that the clerk of the appellate court charge $300 for each case that is docketed, and Florida Rule of Appellate Procedure 9.180(b)(3)[2] provides that a notice of appeal shall be accompanied by the filing fee unless the filing party seeks waiver of the filing fee (circumstances not applicable here). “The filing fee is an entry fee to the appellate process, not a fee for prosecuting the appeal to a final result.” In re: Payment of Filing Fees, 744 So.2d 1025, 1026 (Fla. 4th DCA 1997). Dismissal or abandonment of an appeal or petition does not relieve the appellant or petitioner from the obligation to either pay the filing fee or secure a waiver thereof. Because of the complete disregard that both Appellant and attorney Michael Antinori have shown for the rules of procedure and this court’s orders, and further, because neither Appellant nor Michael Antinori has shown cause why attorney Michael Antinori should not be held personally responsible for payment of the filing fee, we hereby dismiss this appeal and, as a sanction, order Michael Antinori to pay to this court $300 to cover the unpaid filing fee. See Florida Rule of Appellate Procedure 9.410.
DISMISSED.
MARSTILLER, RAY, and SWANSON, JJ., CONCUR.

. We also have before us Appellee’s motion to dismiss this appeal based on the Appellant’s purported failure to post a bond as required under section 440.25(5)(c), Florida Statutes (2011). Because we dismiss this appeal based on Appellant’s nonpayment of the appellate filing fee, we do not reach the Appel-lee’s motion to dismiss on other grounds.

. Although this case is a workers' compensation case implicating Florida Rule of Appellate Procedure 9.180, the appellate rules pertaining to other types of actions also provide that the filing fee is due upon the filing of the document that invokes the jurisdiction of the appellate court, unless the filing party seeks waiver of the filing fee. See Fla. R.App. P. 9.100(b) (pertaining to original proceedings), 9.110(b) (pertaining to appeal of final orders), and 9.130(b) (pertaining to review of non-final orders).